**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1615
_____

FATIMA ABREU-NUNEZ,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                              Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(A096-207-088)
Immigration Judge: Rosalind K. Malloy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 10, 2019

Before: AMBRO, BIBAS, and FUENTES, *Circuit Judges*

(Filed: January 11, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

BIBAS, *Circuit Judge*.

The Board of Immigration Appeals has unfettered discretion not to reopen proceedings *sua sponte*. We normally lack jurisdiction to review such denials. But there are two exceptions, only one of which matters here: we would have jurisdiction if the Board were to implement a rule, policy, or settled course of action that meaningfully limited its discretion. But it has never done so. So we will dismiss the petition for review.

In 2008, the Board ordered Fatima Abreu-Nunez to leave the United States voluntarily or be removed. But she did not leave, nor was she removed. Years later, her daughter, a U.S. citizen, successfully filed an immigration petition on her mother's behalf. So Abreu-Nunez asked the Board to reopen her case *sua sponte* and to adjust her status, arguing that she is now eligible for lawful permanent residence. The Board denied her motion, reasoning that "becoming potentially eligible for adjustment [of status] is common," not an exceptional circumstance that justifies reopening. AR 3. Now Abreu-Nunez petitions for review of that denial.

The Board has discretion to reopen removal proceedings *sua sponte*. 8 C.F.R. § 1003.2(a). When the Board decides not to do so, we lack jurisdiction to review those decisions, subject to two exceptions. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651-52 (3d Cir. 2017). One of those is when the Board "has limited its discretion via a policy, rule, settled course of adjudication, or by some other method" that gives us a meaningful basis to review the Board's decision. *Id.* at 653. That exception exists in theory but not in practice, at least not yet; we have yet to find a meaningful basis to review a denial of a motion to reopen *sua sponte*.

2

Abreu-Nunez advances two reasons why she qualifies for this exception, but both fail. First, she argues that the Board's exceptional-circumstance standard gives us a meaningful basis for review. But in *Sang Goo Park*, we held that denials for lack of exceptional circumstances are unreviewable. *Id.* at 655. Second, she argues that the Board has a settled course of reopening cases *sua sponte* to allow for adjustment of status. Yet in *Sang Goo Park*, we also observed that the Board has no settled course of doing so. *Id.* at 654. Since the Board has not limited its discretion, we lack jurisdiction to review its failure to reopen here. So we will dismiss the petition for review.